FILED
4:18 pm, 7/9/26
Margaret Botkins
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

JORGE RAMIREZ RODRIGUEZ,

Petitioner,

VS.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,

DEPARTMENT OF HOMELAND SECURITY,

UNITED STATES ATTORNEY GENERAL, *in his official capacity*, *also known as* Todd Blanche,

SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, *in his official capacity*, also known as, Markwayne Mullin,

SWEETWATER COUNTY SHERIFF'S OFFICE,

SWEETWATER COUNTY SHERIFF, *in his official capacity*, also known as, John Grossnickle,

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT DENVER FIELD OFFICE DIRECTOR, *in his official capacity,* also known as, George Valdez,

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT ACTING DIRECTOR, *in his official*

Case No. 26-CV-00194-ABJ

*capacity*, also known as, David J. Venturella

Respondents.

## ORDER TRANSFERRING CASE

Petitioner Jorge Ramirez Rodriguez filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on June 19, 2026. [ECF 1] The Court preliminarily reviewed the petition and finds it is not subject to dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] The Court ordered Respondents to show cause why the petition should not be granted. The state and federal respondents filed their responses on June 29, 2026. Petitioner did not file a reply.

The State respondents argue this Court does not have jurisdiction over the matter. The state respondents assert that Mr. Ramirez Rodriguez was transferred out of the Sweetwater County Detention Center into federal custody at 4:22 p.m. on June 19, 2026. Mr. Ramirez Rodriguez's habeas petition was filed at 5:02 p.m. on June 19, 2026. [ECF 6 p. 2]

The Court initially believed Mr. Ramirez Rodriguez was in the district of Wyoming when he filed his petition and, therefore, concluded it had jurisdiction over this matter. However, Respondent has indicated Petitioner was transferred out of the district forty minutes before he filed his petition. Mr. Ramirez Rodriguez had the opportunity to file a reply wherein he could have presented information countering Respondent's assertion, or

[1] The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) apply to proceedings under 28 U.S.C. § 2241 under Rule 1(b) of the Habeas Rules.

argued that the prison mailbox rule applied to his case. He did not. Thus, the information before this Court demonstrates it lacks jurisdiction to consider Mr. Ramirez Rodriguez's petition. *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) ("jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.").

Under 28 U.S.C. § 1631, if a civil action is filed in a forum that lacks jurisdiction over the matter, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631. Courts considering transfer should consider whether the action would be time barred if dismissed and brought in a different jurisdiction, whether the claims have merit, and whether the petitioner acted in good faith when he filed in the incorrect jurisdiction. *Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006). Here, the Court has considered the factors and determines it is in the interest of justice to transfer this petition to the United States District Court for the District of Colorado.

**NOW, THEREFORE, IT IS ORDERED** that this matter is transferred to the United States District Court for the District of Colorado.

Dated this 9th day of July, 2026.

Alan B. Johnson
United States District Judge